UNITED STATES of America, Appellee,

v.

**ALLIED TOWING CORPORATION,** Appellant.

**No. 77–1403.**

United States Court of Appeals, Fourth Circuit.

Argued May 1, 1978.

Decided July 12, 1978.

Counsel has not cited and we have not found any more pertinent Maryland authority.

Robert L. O'Donnell, Norfolk, Va. (Morton H. Clark, Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellant.

Harland F. Leathers, Sp. Asst. Atty. Gen., Civ. Div., Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., William B. Cummings, U. S. Atty., Alexandria, Va., Morton Hollander, Chief, Appellate Section, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Allied Towing Corporation appeals from a judgment entered against it by the district court in the amount of $12,500.00 covering fourteen separate civil penalties assessed by the Coast Guard pursuant to provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1321(b)(6).[1] The penalties were assessed against Allied because of spills of petroleum products which occurred between May 1, 1974, and May 9, 1975. In each case notice of the spill was given to the Coast Guard either by Allied or at its direction as required by 33 U.S.C. § 1321(b)(5) which provides:

Any person in charge of a vessel or of an onshore facility or an offshore facility shall, as soon as he has knowledge of any discharge of oil or a hazardous substance from such vessel or facility * * * immediately notify the appropriate agency of the United States Government of such discharge. Any such person * * * who fails to notify immediately such agency of such discharge shall, upon conviction, be fined not more than $10,000, or imprisoned for not more than one year, or both. Notification received pursuant to this paragraph or information obtained by the exploitation of such notification shall not be used against any such person in any criminal case, except a prosecution for perjury or for giving a false statement.

1. 33 U.S.C. § 1321(b)(6) reads in pertinent part as follows:

Any owner, operator, or person in charge of any onshore facility or offshore facility from which oil or a hazardous substance is discharged * * * shall be assessed a civil penalty by the Secretary of the department in which the Coast Guard is operating of not more than $5,000 for each offense. Any owner, operator, or person in charge of any vessel from which oil or a hazardous substance is discharged * * * shall be assessed a civil penalty by the Secretary of the department in which the Coast Guard is operating of not more than $5,000 for each offense. No penalty shall be assessed unless the owner or operator charged shall have been given notice and opportunity for a hearing on such charge. Each violation is a separate offense. Any such civil penalty may be compromised by such Secretary. In determining the amount of the penalty, or the amount agreed upon in compromise, the appropriateness of such penalty to the size of the business of the owner or operator charged, the effect on the owner or operator's ability to continue in business, and the gravity of the violation, shall be considered by such Secretary.

Allied admits the factual allegation of each spill, but contends that the penalties assessed against it were criminal in nature and under the use immunity provision of Section 1321(b)(5) the information provided by its notification compliance was improperly used by the Government as the basis of its complaint. Allied further contends that the use of such information was violative of its rights under the Fifth and Fourteenth Amendments to the Constitution.

Allied's constitutional argument is patently without merit since a corporation is not entitled to the Fifth Amendment privilege against self-incrimination, *California Bankers Assn. v. Shultz, Secretary of the Treasury, et al.,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974), and accordingly, the scope of use immunity under Section 1321(b)(5) is solely a matter of statutory construction. On this point, in *United States v. Le Beouf Bros. Towing Co., Inc.,* 537 F.2d 149 (1976), the Fifth Circuit rejected an argument similar to that of Allied, stating:

> The immunity provision, by its terms, extends only to "criminal" cases, while Congress in the very next paragraph expressly labeled the sanction in 33 U.S.C. § 1161(b)(5) about which *Le Beouf* complains a "civil penalty." Only the most compelling demonstration of a contrary legislative intent would persuade us to ignore the plain words of the statute. The wording is unequivocal; by it Congress cannot have intended to extend immunity to civil cases, regardless of their "nature."

*Id.* at 152. A like conclusion has been reached by the district courts who have had occasion to consider the question. *Tug Ocean Prince, Inc. v. United States,* 436 F.Supp. 907, 924 (S.D.N.Y.1977); *United States v. General Motors Corporation,* 403 F.Supp. 1151, 1157–1163 (D.Conn.1975); *United States v. Eureka Pipeline Company,* 401 F.Supp. 934, 937–941 (N.D.W.Va.1975).

We agree with the conclusion reached in these cases that the penalty is "civil" in nature and, accordingly, the statu-

tory immunity does not apply. The judgment of the district court is affirmed.

AFFIRMED.

WIDENER, Circuit Judge, concurring:

I join in the opinion of the court, but emphasize that different considerations might well arise in the application of 33 U.S.C. §§ 1321(b)(5) and (b)(6) to an individual as contrasted to a corporation.